UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-3021-JLS (KS)                                         Date: June 28, 2018
Title      *Marquise Caliz v. Argueta et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Roxanne Horan-Walker  |  N/A  |
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On April 10, 2018, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") in which he alleges that four Los Angeles County Sheriff's Department ("LACSD") officers employed at Men's Central Jail used excessive force against him in violation of the Eighth Amendment's cruel and unusual punishment clause on April 9, 2014.  (Dkt. No. 1.)  The Complaint purports to assert claims against Sergeant Argueta, Shield Number 482268, and three unnamed LACSD deputies.  At this point in the proceedings, no defendant has been served or appeared.

In civil rights actions brought by prisoners, Congress requires district courts to dismiss the complaint if the court determines that the complaint, or any portion thereof:  (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.[1]  28 U.S.C. § 1915A(b).  In determining whether a complaint should be dismissed at screening, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6):  "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Thus, the plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); *see*

---

[1]    Rule 12(b)(6) also permits a trial court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources").

*also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

When a complaint states a claim upon which relief can be granted, an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the United States Marshal for service of the summons and complaint, <u>but</u> he must provide the information necessary to effectuate service. *See Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). Reliance on the Marshal's Service does not mean that a plaintiff can "remain silent and do nothing to help effectuate service," *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (discussed with approval in *Puett*, 912 F.2d at 274-75), and, as a general rule, the use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

In this case, Sergeant Argueta is the only defendant identified in the Complaint with sufficient specificity for the United States Marshal to effect service of process. However, Plaintiff fails to state a claim against Sergeant Argueta. Plaintiff asserts that he is suing Defendant Argueta for "failure to intervene." (Complaint, Attach D-1.) However, when asked to describe the facts underlying his claim(s), Plaintiff does not assert that Sergeant Argueta witnessed the alleged assault or was otherwise in a position to intervene. (*See generally* Complaint at 5.) In fact, the Complaint is devoid of any factual allegations linking Defendant Argueta to the alleged constitutional deprivation.

"Liability under [Section] 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983, there must be a showing of personal participation in the alleged rights deprivation."). To demonstrate a civil rights violation against a government official, a plaintiff must show either direct, personal participation of the official in the harm or some sufficient causal connection between the official's conduct and the alleged constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, to be held liable, a supervising officer has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

Case No.  CV 18-3021-JLS (KS)                                          Date: June 28, 2018

Title     *Marquise Caliz v. Argueta et al*

    In the absence of any factual allegations establishing a plausible causal connection between Sergeant Argueta's conduct and the alleged constitutional violation(s), Plaintiff fails to state a claim against Defendant Argueta.  Accordingly, the Complaint fails to state a claim against the only named defendant, and, pursuant to 28 U.S.C. § 1915A(b), IT IS HEREBY ORDERED that the Complaint is DISMISSED.[2]  Leave to amend is granted, however, and **IT IS ORDERED that, within 60 days of the date of this Order, Plaintiff shall do one of the following:**

(1) first, pursuant to Rule 45 of the Federal Rules of Civil Procedure, serve a subpoena on the Los Angeles County Sheriff's Department to identify the names of the individual officer defendants and pay any related costs and fees, and, second, based on the LACSD's response to that subpoena, file a First Amended Complaint that identifies the individual LACSD Doe Defendants by their full names and states a claim against each named defendant; OR

(2) file a First Amended Complaint that states a claim against Sergeant Argueta and the Doe Defendants so as to permit the Court to order service of the First Amended Complaint on Sergeant Argueta and authorize early discovery to identify the names of the Doe Defendants; OR

(3) file a signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41 of the Federal Rules of Civil Procedure.

    In any First Amended Complaint, **Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims concerning the April 9, 2014 assault that are asserted in the Complaint.**  The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  It shall not rely on, or refer in any manner to, Plaintiff's earlier pleadings.

---

[2]     Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-3021-JLS (KS)                                      Date: June 28, 2018

Title      *Marquise Caliz v. Argueta et al*

     In any First Amended Complaint, Plaintiff shall make clear the nature and grounds for each claim, specifically identify the Defendants he maintains are liable for that claim, and clearly and concisely explain the basis for their liability.  To state a claim against a defendant in his individual capacity, Plaintiff must allege specific facts from which the Court can reasonably infer that the defendant personally participated in the violation alleged.  To state a claim against a municipal defendant, or a defendant in his official capacity, Plaintiff must specify the practice, policy, or custom that proximately caused the alleged constitutional violation.  **Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law.**

     **Plaintiff is explicitly cautioned that failure to timely comply with this Order and, within 60 days, file either a First Amended Complaint or a signed "Notice of Voluntary Dismissal" may result in a recommendation that this action be dismissed.**

     Finally, the Clerk is directed to issue one subpoena form, in blank, pursuant to Rule 45(a)(3) of the Federal Rules of Civil Procedure and mail it to Plaintiff with a copy of this Order and the Central District's standard civil rights complaint form.  Plaintiff is encouraged to utilize the Central District's standard civil rights complaint form when filing any amended complaint.

     **IT IS SO ORDERED**.

:

**Initials of Preparer**   rhw